IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|              Plaintiff, | |
| v. | Case No. 20-CR-30166-SPM-1 |
| EMMITT T. TINER, | |
|              Defendant. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On November 18, 2020, Defendant Emmitt T. Tiner was charged by indictment with Wire Fraud (Counts 1-2), Interstate Communication with Intent to Extort (Counts 3-6) Mail Fraud (Counts 7-8), Extortion (Counts 9-20), Health Care Fraud (Counts 21-35), Material Misstatement of a Fact to a Domestic Financial Institution (Count 36), Use of a Social Security Number of Another Person in Violation of the Law (Count 37), False Representation of a Social Security Number (Count 38), Aggravated Identity Theft (Count 39), Money Laundering (Counts 40-51), and Monetary Transactions in Criminally Derived Property (Counts 52-54) (Doc. 1). After the detention hearing, Magistrate Judge Gilbert C. Sison concluded that the Government met its burden of proof by clear and convincing evidence that Tiner posed a danger to the community, that Tiner posed a serious risk of danger to potential witnesses, as well as a serious risk of obstruction, and that pretrial detention is warranted and that there are no conditions or combination of conditions that could be imposed to alleviate those concerns (Doc. 33). Tiner then filed a motion to revoke the detention order and the United States responded

(Docs. 45, 47). After briefing, the undersigned held a hearing on the matter.[1]

## LEGAL STANDARD

Under 18 U.S.C. § 3145(b), if a person is ordered detained by a magistrate judge, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The Court reviews the magistrate judge's detention order *de novo*. "This review may be conducted by reviewing the prior record already considered by the magistrate judge and making a fresh finding on a complete record." *United States v. Correa*, No. 12-CR-20075, 2013 WL 869956, at *3 (C.D. Ill. Mar. 7, 2013) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

## DISCUSSION

In reviewing a detention order, the Court must determine whether release of a defendant on personal recognizance or an unsecured bond would either (1) not reasonably assure the appearance of the person as required or (2) endanger the safety of another person or the community. 18 U.S.C. § 3142(b). If release would not reasonably assure the appearance of the defendant for trial or the safety of the community, then the Court must consider whether there is some condition or combination of conditions that would so assure the Court. *U.S. v. Infelise*, 934 F.2d 103, 105 (7th Cir. 1991); *Torres*, 929 F.2d at 292. The Bail Reform Act requires clear and convincing evidence that no conditions will reasonably ensure the safety of any other person or the community to sustain a detention order. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739 (1987).

---

[1] In the hearing, the United States, as a new exhibit, offered an affidavit from an expected witness expressing fear of Tiner. Tiner's counsel objected to the affidavit. The undersigned allowed the affidavit as an offer of proof, but did not consider it in reviewing the case and forming his decision.

After considering Tiner's arguments and reviewing Judge Sison's detention order *de novo*, the Court finds that the United States met its burden in that, clearly and convincingly, the weighing of the 18 U.S.C. § 3142(g) factors indicate that Tiner poses a danger to the community, poses a serious risk of danger to potential witnesses along with a serious risk of obstruction, and that no condition or combination of conditions of release will reasonably assure the safety of another person or the community. Tiner represents a serious threat to obstruct justice or harm witnesses. In the evidence on the record, Tiner represented that he had a "crew" of individuals that could be pressed into service to physically harm witnesses and their families. Even with all potential restrictions noted and discussed in place, allowing Tiner to be released on home confinement while awaiting trial would not guarantee the prevention of threats and physical harm to witnesses in this case. Therefore, the Court **DENIES** Tiner's Motion to Revoke Detention Order (Doc. 45).

**IT IS SO ORDERED.**

DATED:   February 1, 2021

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
