UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
|     Plaintiff,   ) | |
| ) | |
| v.   ) | No. 3:20-CR-30166-SPM |
| ) | |
| EMMITT T. TINER,   ) | |
| ) | |
|     Defendant.   ) | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED DURING UNLAWFUL SEARCH OF RESIDENCE AND VEHICLE**

Defendant Emmitt Tiner ("Tiner"), by and through undersigned counsel, respectfully moves to suppress all evidence illegally seized during the search of a residence located at 210 Knollhaven Trail in O'Fallon, Illinois, and during the search of a vehicle. Tiner also moves to suppress all evidence that was derived from information or items obtained during the search pursuant to the fruit of the poisonous tree doctrine.

**I.     Background**

On November 18, 2020, Tiner was charged in an indictment in the Southern District of Illinois. (Doc. 1). The indictment contains 54 counts and charges the defendant with Extortion (18 U.S.C. § 1951), Interstate Communications with Intent to Extort (18 U.S.C. § 875(b)), Wire Fraud (18 U.S.C. § 1343), Mail Fraud (18 U.S.C. § 1341), Health Care Fraud (18 U.S.C. § 1347), Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i)), Monetary Transactions in Criminally Derived Property (18 U.S.C. § 1957), Aggravated Identity Theft (18 U.S.C. § 1028A), Material Misstatement of Fact to a Domestic Financial Institution (31 U.S.C. § 5324(a)(2)), Use of a Social Security Number of Another Person in Violation of Law (42 U.S.C. § 408(a)(8)), and False Representation of a

Social Security Number (42 U.S.C. § 408(a)(7)(B)). Tiner has entered a plea of not guilty to all counts.

Discovery provided by the Government reveals that on November 19, 2020, law enforcement officers executed a search of a residence located at 210 Knollhaven Trail in O'Fallon, Illinois (hereinafter, the "residence"). The search occurred at approximately 8:30 a.m., and law enforcement seized numerous items from inside the residence. Additionally, officers conducted a search of a vehicle parked somewhere near the residence; however, the exact location of the vehicle is unclear from the discovery.

Prior to executing the searches of the residence and the vehicle, Special Agent Adam Hoberg of the Federal Bureau of Investigation ("FBI") applied for and obtained a search and seizure warrant dated November 18, 2020. This warrant purported to provide the officers with legal authority to search the residence. There was no warrant purporting to provide the officers with legal authority to search any vehicle.

Suppression of the evidence seized during these searches is necessary as the search of the residence violated Tiner's rights under the Fourth Amendment to the United States Constitution in that: (1) the warrant was not supported by sufficient probable cause and thus should not have issued; and (2) the list of items to be seized was overly broad and lacked sufficient particularity. The search of the vehicle violated Tiner's rights under the Fourth Amendment because it was a warrantless search of a parked car—making the search plainly unconstitutional.

Because the warrant should not have issued and because the search of the car was warrantless, all items seized must be suppressed along with any information or items obtained thereafter pursuant to the fruit of the poisonous tree doctrine. *See, e.g., Murray v. United States*, 487 U.S. 533, 536-37 (1988) (stating that the fruit of the poisonous tree doctrine "bars evidence

which, though not obtained in [an] illegal search, was derived from information or items in the search").

> II.   **The Warrant Was Not Supported by Sufficient Probable Cause and Was Not Sufficiently Particularized in the List of Items to be Seized and Thus Should Not Have Issued**

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., Amend IV. The text of the Amendment sets forth two distinct requirements for a lawful search: first, that "no Warrants shall issue, but upon probable cause;" and second, that the warrant "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const., Amend IV.

Here, there was insufficient probable cause presented to the Magistrate Judge that evidence of a crime would be contained within the residence. "An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause[.]" *Illinois v. Gates*, 462 U.S. 213, 239 (1983). Although reviewing courts give "great deference" to a magistrate judge's determination of probable cause, the bottom line remains that "[d]eference to the magistrate … is not boundless." *United States v. Leon*, 468 U.S. 897, 914 (1984). "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued." *Id.* The affidavit in this case is replete with baseless conclusions insufficient to establish probable cause sufficient for issuance of a warrant to search the residence.

While Special Agent Hoberg spent over 20 pages of his affidavit attempting to establish probable cause that a crime has been committed, he spent less than one page attempting, and failing, to establish that probable cause existed to believe that any of the items related to those crimes would be located at 210 Knollhaven Trail. Using a half-hearted method of speculation and elimination, Special Agent Hoberg stated that his training and experience was enough to say items would be found at the residence. Special Agent Hoberg asserted that because Tiner lived there, and was observed there *one time*, the items related to the alleged crimes would necessarily be there. Special Agent Hoberg was aware that Tiner previously had a storage facility, had prior addresses in the area, and had vehicles that he owned. However, without any *specific,* verified information to cite, Special Agent Hoberg nonetheless asserted that the items to be seized would be at the residence. To support this, Special Agent Hoberg cited his "training and experience," what individuals "tend" to do in certain situations, and one instance of law enforcement surveillance of the exterior of the residence. These assertions amount to nothing more than Special Agent Hoberg's gut instinct and unjustified conclusions—and that is plainly what the Fourth Amendment's particularity requirements protect against.

It is black letter law that an officer's gut instinct and unjustified conclusions are not sufficient to support a finding of probable cause. *See Gates*, 462 U.S. at 239 (citing *Nathanson v. United States,* 290 U.S. 41 (1933)) ("A sworn statement of an affiant that 'he has cause to suspect and does believe that' liquor illegally brought into the United States is located on certain premises will not do"). Special Agent Hoberg's conclusions are not, in any way, supported by particularized evidence or information, and did not provide sufficient probable cause for issuance of a warrant to search the residence.

The Fourth Amendment further requires the warrant "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const., Amend IV. Attachment B to the search warrant lists as Item 36 to be seized: "All computers, electronic devices, and cellular telephones found at 210 Knollhaven Trail . . . and located on the persons of *any* individuals on the premises . . . at the time of the search" (emphasis added). This is facially overbroad. Under this authority, and taken its logical, but arguably permissible, extreme, agents could have seized the phone of a repair man who was present, or the phone of another law enforcement agent who was also technically present "on the premises . . . at the time of the search." The lack of specificity requires that all evidence seized be suppressed or, at the very least, evidence from electronic devices, including the cellular phone of Tiner, seized under the authority of Item 36 should be suppressed because Item 36 is facially overbroad and not delineated with constitutionally-required particularity.

**III.    The Search of the Vehicle Was Plainly Unconstitutional**

The warrant that was issued in this case made absolutely no mention of any vehicle that was to be the target of a search and seizure. Nonetheless, in the FBI FD-597, Receipt for Property, it is noted that "misc[ellaneous] documents" were seized from a "truck." *See* FBI FD-597 at Para. 28.

Warrantless searches are presumptively unreasonable. *See Groh v. Ramirez*, 540 U.S. 551, 559 (2004). Absent exigent circumstances or an exception to the Fourth Amendment's warrant requirement, the search of the vehicle was unconstitutional, and the evidence seized must be suppressed.

Here, there was no exigency. Tiner was detained in a police vehicle with law enforcement present, no one's life was in danger, and there was no risk that evidence would be destroyed. *See*

*United States v. Rivera*, 248 F.3d 677, 680-81 (7th Cir. 2001). Moreover, no exception to the warrant requirement existed. Accordingly, the search of the vehicle unquestionably represented an unconstitutional and warrantless search and the evidence seized from the vehicle must be suppressed.

## IV.  Conclusion

Based on the foregoing, this Court should suppress all evidence unconstitutionally seized during the above-described searches and all evidence derived from information or items seized during the searches pursuant to the fruit of the poisonous tree doctrine. Tiner respectfully requests an evidentiary hearing.

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ William S. Margulis*
WILLIAM S. MARGULIS
7700 Bonhomme Avenue, Suite 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
bill@margulisgelfand.com
ATTORNEY FOR DEFENDANT TINER

## Certificate of Service

I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

>  */s/ William S. Margulis*
> WILLIAM S. MARGULIS
> 7700 Bonhomme Avenue, Suite 750
> St. Louis, MO 63105
> Telephone: 314.390.0234
> Facsimile: 314.485.2264
> bill@margulisgelfand.com
> ATTORNEY FOR DEFENDANT TINER