IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-CR-30166-SPM-1 |
| EMMITT T. TINER, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Suppress Evidence filed by Defendant Emmitt T. Tiner (Doc. 78) along with a response to Davis's motion filed by the United States (the "Government") (Doc. 84).

In November 2020, a grand jury returned a fifty-four-count indictment against Tiner charging him with wire fraud, interstate communication with intent to extort, mail fraud, extortion, health care fraud, material misstatement of fact to a domestic financial institution, use of a social security number of another person in violation of law, false representation of a social security number, aggravated identity theft, money laundering, and monetary transaction in criminally derived property (Doc. 1). The indictment also contains a forfeiture allegation that seeks forfeiture of various funds, vehicles, and real property purchased with the proceeds of Tiner's extortion/fraud scheme. One of the vehicles named in the forfeiture allegation is a 2020 Ford 350 Crew Cab XLT pickup truck. Tiner pleaded not guilty.

Tiner filed a motion to suppress all evidence obtained pursuant to a search

warrant at 210 Knollhaven Trail in O'Fallon, Illinois and a vehicle parked near the residence (Doc. 78). Tiner argues that the search of the residence violated the Fourth Amendment because the affidavit supporting the search warrant lacked probable cause and the list of items to be seized was facially overbroad (*Id.*). Tiner additionally argues that the search of the vehicle violated the Fourth Amendment because it was a warrantless search of a parked car. The Government argues that the affidavit demonstrated probable cause to search the residence, and even if the affidavit is deficient, suppression is not warranted because law enforcement relied in good faith on the search warrant. (Doc. 84). The Government further argues that the "all electronic devices" language in the list of items to be seized is not overbroad, the car was subject to search under the residential warrant, and a valid inventory search was conducted on the vehicle under a separate seizure warrant for the vehicle based on the forfeiture allegation (*Id.*).

A motion to suppress seeks to exclude evidence obtained in violation of a defendant's constitutional rights. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "When an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit." *United States v. Peck*, 317 F.3d 754, 755 (7th Cir. 2003). An affidavit for a search warrant establishes probable cause when it alleges facts sufficient to induce a reasonably prudent person to believe that a search of a particular place will uncover evidence of a crime. *Id. at* 756. In *Illinois v. Gates*, the

Supreme Court explained: "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." 462 U.S. 213, 238 (1983). Though the affiant need not state each and every detail of the suspected crime, mere conclusory statements are insufficient. *See United States v. Reddrick*, 90 F.3d 1276, 1280 (7th Cir. 1996). The affidavit must contain sufficient evidence to enable the magistrate to exercise independent judgment rather than simply ratifying the conclusions of others. *Gates*, 462 U.S. at 239. Even dubious cases, however, "should be resolved in favor of upholding the warrant." *United States v. Rambis*, 686 F.2d 620, 622 (7th Cir. 1982).

In this case, to establish probable cause, the affidavit must establish that there was probable cause to believe that (1) Tiner engaged in a fraud and extortion scheme, and (2) evidence of those crimes would likely be found at this residence. Tiner does not contest that the affidavit establishes probable cause that he committed the crimes. It does. Rather, he argues that the search warrant lacked probable cause that evidence of the crimes would be found in the Knollhaven Trail residence. He brings up a leased storage unit and prior addresses, calling into question the nexus between the evidence sought and the residence searched. This Court disagrees with that assessment. An affidavit is to be read with common sense. Here, the affidavit established strong evidence that Tiner was residing at the Knollhaven Trail residence, not his last known address in Belleville, Illinois. The affidavit also makes clear that his residence in O'Fallon, Illinois was under construction. Additionally, as

Tiner acknowledges and the affidavit states, Tiner was no longer leasing a storage unit. From these facts, a reasonable inference could be made that evidence of the crimes could be found in Tiner's Knollhaven Trail residence. Therefore, the affidavit sufficiently establishes probable cause that evidence of the alleged crimes would be found in the Knollhaven Trail residence.

So too falls Tiner's argument stating that lack of particularity regarding the "all electronic devices" language was overbroad and violates the particularity requirement of the Fourth Amendment. While the Seventh Circuit recently embraced D.C. Circuit precedent from *U.S. v. Griffith*, 867 F.3d 1265, 1269 (D.C. Cir. 2017) in *U.S. v. Vizcarra-Millan*, 15 F.4th 473 (7th Cir. 2021), stating that "a search warrant may be overbroad by authorizing without probable cause the seizure of all electronic devices in a location," *Griffith* presented a unique situation where the warrant authorized the seizure of all electronic devices with no stated probable cause that cell phones were even used in the commission of a crime. Here, the affidavit described multiple ways that Tiner was using electronic devices in furtherance of his extortion/fraud scheme. Thus, the affidavit satisfies the particularity requirement of the Fourth Amendment.

In any case, even if the warrant were not supported by probable cause as to the residence or satisfied the particularity requirment, the evidence seized would be admissible under the *Leon* good faith exception, under which evidence seized pursuant to a warrant should not be suppressed where the executing officers' reliance on the warrant was objectively reasonable; that is, they relied in good faith on the judge's determination that probable cause existed to search. *United States v. Leon*,

468 U.S. 897, 920–24 (1984). The decision to seek a warrant is *prima facie* evidence that the officer was acting in good faith. *United States v. Wiley*, 475 F.3d 908, 917 (7th Cir. 2007) (internal citations omitted). To rebut this, a defendant must show that the magistrate "wholly abandoned his judicial role or that the officer's affidavit was so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable." *Id*. Furthermore, "an officer cannot be expected to question the magistrate's probable cause determination." *Leon*, 468 U.S. at 921. Tiner does not meet this burden, so the good faith exception applies.

Last, while the Government argues that the residential warrant discussed above extended to vehicles located on that premises, and claims that the vehicle was parked in the driveway, the Court need not wade into that question because there was a separate seizure warrant authorizing the seizure of the vehicle. Incident to that seizure, it was constitutional to conduct an inventory search. *See United States v. Clinton,* 591 F.3d 968, 972 (7th Cir. 2010). Consequently, the documents found during that search are admissible.

## Conclusion

The Court **DENIES** the Motion to Suppress Evidence (Doc. 78) filed by Defendant Emmitt T. Tiner.

**IT IS SO ORDERED.**

**DATED:   October 21, 2021**

                                                   **s/ *Stephen P. McGlynn***
                                                   **STEPHEN P. McGLYNN**
                                                   **U.S. District Judge**