IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 20 CR 30166-SPM ) |
| EMMITT T. TINER, | ) ) |
| Defendant. | ) |

**UNITED STATES' MEMORANDUM OF LAW REGARDING THE
ROLE OF THE JURY IN A CRIMINAL FORFEITURE ACTION**

The UNITED STATES OF AMERICA, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, Scott A. Verseman, Assistant United States Attorney, and Luke J. Weissler, Assistant United States Attorney, hereby submits the following Memorandum of Law Regarding the Role of the Jury in a Criminal Forfeiture Action:

1. The indictment in this case contains a forfeiture allegation that seeks forfeiture of certain specifically identified properties. The indictment alleges that these properties were purchased with proceeds of Defendant Tiner's Mail Fraud, Extortion, and Money Laundering offenses.

2. Criminal forfeiture is an element of the sentence to be imposed. *Libretti v. United States,* 516 U.S. 29, 41, 118 S.Ct. 356, 133 L.Ed.2d 271 (1995). Because it is an element of the sentence, a defendant has no Sixth Amendment right to a jury trial on forfeiture issues. 516 U.S. at 49. As a result, a defendant's right to a jury determination on the issue of forfeiture is limited to any such rights created by the federal statutes and/or rules.

3. The procedures applicable to forfeiture are set forth in Federal Rule of Criminal Procedure 32.2. Section 32.2(b)(1)(A) describes how the forfeiture phase of a trial must be

conducted:

> Forfeiture determinations. As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

4. Rule 32.2(b)(1)(B) states that, if the forfeiture is contested, the court must conduct an evidentiary hearing on forfeiture after the verdict or finding of guilt. The court's determination on the issue of forfeiture can be based upon evidence already in the record.

5. Rule 32.2(b)(5)(A) provides a limited right to a jury determination on the issue of forfeiture. This rule states:

> Retaining the Jury. In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

6. Rule 32.2(b)(5)(B) describes the sole issue that the jury is asked to decide in forfeiture cases:

> Special Verdict Form. If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

See also United States v. Tedder, 403 F.3d 836, 841 (7th Cir. 2005)("Although Fed. R. Crim. P. 32.2 offers the defendant a jury trial, this provision (unlike the sixth amendment) is limited to the nexus between the funds and the crime; Rule 32.2 does not entitle the accused to a jury's decision

on the amount of the forfeiture.")  Thus, in the present case, the only issue that a jury could be asked to decide is whether the evidence presented by the Government has established that the specific property named in the indictment was purchased with proceeds of the charged crimes.

7. The judge, not the jury, orders property to be forfeited.  The jury merely makes a finding that the facts support the forfeiture of the specific property identified in the indictment.  In the present case, the jury would be asked to determine whether the properties identified in the forfeiture allegation represent proceeds of the mail fraud, extortion, or money laundering offenses.

8. The burden of proof on the forfeiture issue is preponderance of the evidence.  *United States Vera*, 278 F.3d 672, 673 (7th Cir. 2002).

9. The United States hereby informs the Court that it will not request that the jury be retained to determine forfeitability, pursuant to Fed. R. Crim. P. 32(5)(A).

                            Respectfully submitted,

                            STEVEN D. WEINHOEFT
                            United States Attorney

By:   *s/ Scott A. Verseman*
        SCOTT A. VERSEMAN
        Assistant United States Attorney

By:   *s/ Luke J. Weissler*
        LUKE J. WEISSLER
        Assistant United States Attorney
        9 Executive Drive
        Fairview Heights, IL 62208
        Tel: (618) 628-3700
        Fax:  (618) 628-3730
        Email: scott.verseman@usdoj.gov
        Email: luke.weissler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 20 CR 30166-SPM-01 |
| EMMITT T. TINER, | ) ) ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing ("ECF"), the foregoing: "United States' Memorandum of Law Regarding the Role of the Jury in a Criminal Forfeiture Action" was served on November 24, 2021, pursuant to the district court's ECF system, on all ECF filers.

s/ *Scott A. Verseman*
SCOTT A. VERSEMAN
Assistant United States Attorney
9 Executive Drive
Fairview Heights, IL 62208
Tel: (618) 628-3700
Fax: (618) 628-3730
Email: scott.verseman@usdoj.gov