UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:20-CR-30166-SPM |
| | ) |
| EMMITT T. TINER, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT EMMITT TINER'S MOTION IN LIMINE REGARDING BRENDA REISS**

Defendant Emmitt Tiner ("Tiner"), by and through undersigned counsel, respectfully moves this Court to preclude the Government from eliciting testimony or offering evidence related to Brenda Reiss ("Reiss") at trial.

**I.       Background**

On November 18, 2020, Tiner was charged in an indictment in the Southern District of Illinois. (Doc. 1). The indictment contains 54 counts and charges the defendant with Extortion (18 U.S.C. § 1951), Interstate Communications with Intent to Extort (18 U.S.C. § 875(b)), Wire Fraud (18 U.S.C. § 1343), Mail Fraud (18 U.S.C. § 1341), Health Care Fraud (18 U.S.C. § 1347), Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i)), Monetary Transactions in Criminally Derived Property (18 U.S.C. § 1957), Aggravated Identity Theft (18 U.S.C. § 1028A), Material Misstatement of Fact to a Domestic Financial Institution (31 U.S.C. § 5324(a)(2)), Use of a Social Security Number of Another Person in Violation of Law (42 U.S.C. § 408(a)(8)), and False Representation of a Social Security Number (42 U.S.C. § 408(a)(7)(B)). The indictment also seeks forfeiture of property traceable to the proceeds of these criminal violations. Tiner has pled not guilty to all counts, has denied the forfeiture allegation, and intends to proceed to trial.

Discovery provided by the Government reveals that a significant amount of investigative resources were directed at possible communications, interactions, and conduct between Tiner and Reiss.[1] However, Reiss is not mentioned in the indictment, no alleged scheme surrounding Reiss is referenced in the indictment, and the Government did not disclose its intent to introduce any evidence related to Reiss in its notice of 404(b) evidence filed on November 24, 2021. (Doc. 92).

## II.   Evidence or Testimony Related to Brenda Reiss is Irrelevant Under Federal Rule of Evidence 401

Two requirements are clearly delineated for admissibility of evidence under Federal Rule of Evidence 401: (1) the evidence must have "any tendency to make a fact more or less probable than it would be without the evidence;" and (2) the evidence must relate to a fact that "is of consequence in determining the action." Even in conducting a fact by fact analysis of each piece of evidence related to Reiss, no piece of evidence, regardless of each piece's ability to establish a fact, can be found to relate to a fact of consequence in Tiner's trial.

As discussed above, Reiss is not mentioned in the indictment, in any capacity. The Government, in conjunction with the Grand Jury, is in control of the charging document. Had the Government or the Grand Jury felt the need to include Reiss as a victim, or in any other capacity, they certainly know how to do that. They did not.

The Government filed a notice regarding 404(b) evidence that it intends to introduce at trial. (Doc. 93). Once again, it is in control of the contents of that notice and, clearly, knows how to include evidence outside of the indicted conduct that it feels is both relevant and admissible in

---

[1] For ease of reference with the Court, and without conceding the relevance or admissibility of any evidence relating the Reiss, Tiner notes five large "categories" that discovery has demonstrated the Government has focused on: (1) an auto accident involving Reiss and Matissia Holt; (2) a reported theft of jewelry from Reiss' vehicle; (3) a possible capital investment by Reiss in a business with Tiner; (4) a possible romantic relationship between Reiss and Tiner resulting in a change of beneficiary on Reiss' life insurance policy; and (5) the possible supply of prescription narcotics from Tiner to Reiss. Tiner contends that nothing in any of these five categories of information disclosed in discovery is even tangentially related to the allegations alleged in the indictment.

the trial. The Government did not mention Reiss, or anything related to Tiner's interactions with Reiss.

If a fact is not required under an element of an indicted offense, and it is not noticed as being offered for some other allowable reason under F.R.E. 404(b), then it clearly must not meet the second requirement of relevancy under F.R.E. 401 which requires that the evidence relate to a fact "of consequence" in the trial.

### III.   Even if Relevant, the Evidence is Barred by Federal Rule of Evidence 403

The evidence Tiner seeks to exclude is not relevant. However, even if this Court were to find the evidence relevant, this Court should exclude the evidence because "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see United States v. Rogers*, 587 F.3d 816, 822 (7th Cir. 2009) ("Evidence poses a danger of 'unfair prejudice' if it has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, and emotional one.'"); *see also United States v. Dabney*, 498 F.3d 455, 458 (7th Cir. 2007) ("'Unfair prejudice' refers to 'the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged.'" (internal citations omitted)).

The likelihood of confusing the issues and misleading the jury is straightforward: the five categories of possible conduct related to Reiss are likely to confuse and mislead the jury with respect to what actually matters in this case. The Government should not be permitted to turn this trial in a free-for-all and go beyond the counts selected by them and charged in the indictment returned by the Grand Jury.

### IV.     Conclusion

Based on the foregoing, Tiner respectfully requests that this Court grant this motion in limine excluding any testimony or evidence relating to Brenda Reiss.

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ William S. Margulis*
WILLIAM S. MARGULIS
7700 Bonhomme Avenue, Suite 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
bill@margulisgelfand.com
ATTORNEY FOR DEFENDANT TINER

**Certificate of Service**

      I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

                                              */s/ William S. Margulis*
                                              WILLIAM S. MARGULIS
                                              7700 Bonhomme Avenue, Suite 750
                                              St. Louis, MO 63105
                                              Telephone: 314.390.0234
                                              Facsimile: 314.485.2264
                                              bill@margulisgelfand.com
                                              ATTORNEY FOR DEFENDANT TINER