## AFFIDAVIT OF SCOTT VERSEMAN

I, Scott A. Verseman, state the following:

1. I am an Assistant United States Attorney (AUSA) in the Criminal Division of the United States Attorney's Office for the Southern District of Illinois. I am the lead prosecutor in the case of *United States v. Tiner,* 20 CR 30166-SPM-001.

2. In December 2020, Internal Revenue Service – Criminal Investigations Special Agent Brad Roessler told me that he wanted to review Emmitt Tiner's jail calls. Because of Tiner's prior threats, Agent Roessler wanted to ensure that Tiner was not threatening witnesses from the St. Clair County Jail. I agreed with Agent Roessler's request, but stated that the calls obtained from the jail should not include any calls between Tiner and his attorney.

3. After he conferred with the jail, Agent Roessler informed me that the jail does not conduct a filter review of requested jail calls and cannot practically determine whether any attorney-inmate calls will be included within a production.

4. After being told this information, I told Agent Roessler that the calls he obtained from the jail would have to be screened by a filter agent before Roessler could listen to them.

5. I asked AUSA Laura Barke to serve as the filter agent.

6. AUSA Barke is in the Civil Division of our office. She is not involved in the prosecution of Tiner. I am not her supervisor.

7. AUSA Barke had previously served as a filter agent for another matter in this case. Prior to indictment, victim R.G. made two undercover, consensually recorded, telephone calls with Tiner. During these calls, Tiner made certain unsolicited comments about speaking with Federal Defender Preston Humphrey. When our office discovered that Tiner had, in fact, spoken with Mr. Humphrey, I asked AUSA Barke to review subsequent voicemails Tiner left for R.G., and

Exhibit 5 - Page 1 of 4

materials Tiner provided to R.G., to determine whether they contained comments relating to conversations with Mr. Humphrey. I further asked AUSA Barke to redact references to Mr. Humphrey from these items.

8. I created a filter protocol for AUSA Barke to follow for Tiner's jail calls. I sent the protocol to AUSA Barke via email and copied Agent Roessler on the message to ensure that he received the same instructions.

9. During her review, AUSA Barke sent me two questions. First, AUSA Barke asked whether she should listen to Tiner's calls with Holt to determine if Tiner had given her instructions to threaten or harm witnesses. I instructed AUSA Barke not to listen to those calls. Secondly, AUSA Barke asked if she should listen to Tiner's calls with third parties to determine whether Tiner discussed communications with his attorneys in those calls. If so, those calls could then be placed on the list of calls that Agent Roessler was not permitted to review. I agreed with that procedure, and asked AUSA Barke to note on her log any calls where Tiner discussed conversations with his attorney, so that Agent Roessler would know that he could not listen to those calls.

10. I interpreted Federal Rule of Criminal Procedure 16(B)(i) as requiring the government to disclose Tiner's recorded jail calls to the defense, including the calls by Tiner to his attorney and his wife.

11. Because of the volume of material to be disclosed, I determined that the discovery in this case should be input into a discovery review program known as Eclipse. Although the Eclipse program was previously available to our office, I had not previously used Eclipse for discovery production and document review.

12. In order to facilitate his client's review of discovery, Defendant Tiner's counsel, William Margulis, requested that I provide a "jail" copy of discovery materials that could be left at the St. Clair County Jail and reviewed by Tiner when defense counsel was not present. I agreed to Mr. Margulis' request.

13. In order to ensure compliance with the Court's discovery order (R. 42), I reviewed all materials in the Eclipse program before they were produced to the defense.

14. During my review of the discovery materials using the Eclipse program, I placed "Sticky Notes" on certain items so that they could be located quickly and evaluated as possible trial evidence.

15. As I was reviewing the discovery materials to be produced, I came to the section of materials which contained Tiner's jail calls. A screenshot of how these calls appear in the Eclipse program is attached as Exhibit A. As Exhibit A shows, the Eclipse program does not list the telephone numbers or names of the parties called. Instead, the program simply contains a paperclip icon, which indicates that the item is a recording.

16. While reviewing discovery, I clicked on some of the jail calls. Three of the calls that I clicked on were calls involving Tiner and Mr. Margulis.

17. As soon as I recognized Mr. Margulis' voice, I immediately closed the files. This occurred within seconds after Mr. Margulis' started speaking. I also immediately stopped playing other calls when I determined the other participant was Tiner's wife.

18. I did not hear the substance of any conversations between Mr. Margulis and Tiner, including legal advice or discussions of trial strategy.

19. Immediately after I shut off the recordings, I placed a "Sticky Flag" note on each digital file indicating the recording contained a call involving Mr. Margulis, and that I immediately

3

Exhibit 5 - Page 3 of 4

closed the files when I heard Mr. Margulis' voice. Screenshots of these Sticky Flag notes in the Eclipse program are attached as Exhibits B, C, and D.

20. On April 21, 2021, our office sent defense counsel the batch of discovery that contained the jail calls. In the cover letter that accompanied this distribution, I alerted defense counsel that the discovery materials included some of the calls Tiner made from the jail, including some calls made to Mr. Margulis. My discovery letter to Mr. Margulis is attached as Exhibit E. I also disclosed that I clicked on some of the calls, but immediately closed the files when I heard Mr. Margulis' voice. Ex. E, at p. 2.

21. The jail calls were also included in the discovery that was sent to Greg Smith, counsel for co-defendant Matissia Holt. As with Mr. Margulis, the cover letter that was sent to Mr. Smith alerted him to the fact that Tiner's jail calls, including calls with Mr. Margulis, were contained in the materials. My discovery letter to Mr. Smith is attached as Exhibit F.

22. Approximately 6 months passed after the discovery containing the jail calls was tendered. In October 2021, Mr. Margulis contacted me and indicated he was upset that telephone calls between him and Tiner were included in the discovery materials.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 21, 2021.

_____
SCOTT A. VERSEMAN
Assistant United States Attorney



Desktop Layout
Advanced
Record View
0: User Defined Layout
Case Folders
Case Folders
Case Alerts
Case Instructions
Tiner_Holt
Journal
Non Discovery Docs
Searches
Transcripts
Case View
Record 5900 of 7627
Font Size: 10
Grid Size: 100
BEGDOC ENDDOC BEGATT ENDATT Pag
Tiner_et_al_035971 Tiner_et_al_035971 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035972 Tiner_et_al_035972 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035973 Tiner_et_al_035973 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035974 Tiner_et_al_035974 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035975 Tiner_et_al_035975 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035976 Tiner_et_al_035976 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035977 Tiner_et_al_035977 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035978 Tiner_et_al_035978 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035979 Tiner_et_al_035979 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035980 Tiner_et_al_035980 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035981 Tiner_et_al_035981 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035982 Tiner_et_al_035982 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035983 Tiner_et_al_035983 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035984 Tiner_et_al_035984 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035985 Tiner_et_al_035985 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035986 Tiner_et_al_035986 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035987 Tiner_et_al_035987 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035988 Tiner_et_al_035988 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035989 Tiner_et_al_035989 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035990 Tiner_et_al_035990 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035991 Tiner_et_al_035991 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035992 Tiner_et_al_035992 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035993 Tiner_et_al_035993 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035994 Tiner_et_al_035994 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035995 Tiner_et_al_035995 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035996 Tiner_et_al_035996 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035997 Tiner_et_al_035997 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035998 Tiner_et_al_035998 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_035999 Tiner_et_al_035999 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_036000 Tiner_et_al_036000 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_036001 Tiner_et_al_036001 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_036002 Tiner_et_al_036002 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_036003 Tiner_et_al_036003 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_036004 Tiner_et_al_036004 Tiner_et_al_... Tiner_et_al_... 1
Tiner_et_al_036005 Tiner_et_al_036005 Tiner_et_al_... Tiner_et_al_... 1
Image
Extracted Text
Tiner_et_al_036005
Case Folders
Relationships
Tally



Exhibit 5 - Exhibit B - Page 1 of 1



Exhibit 5 - Exhibit C - Page 1 of 1



Exhibit 5 - Exhibit D - Page 1 of 1



FILE COPY

**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney's Office*
*Southern District of Illinois*

*Steven D. Weinhoeft*
*United States Attorney*

Nine Executive Drive
Fairview Heights, Illinois 62208

TEL:  (618) 628-3700
FAX   (618) 628-3730
TTY:  (618) 628-3826

April 21, 2021

**BY FEDERAL EXPRESS**

William S. Margulis, Esq.
7700 Bonhomme Avenue – Suite 750
St. Louis, MO 63105

    Re:    <u>United States v. Emmitt T. Tiner,</u>
            20 CR 30166-SPM-001

Dear Mr. Margulis:

    Enclosed with this letter are two wallet drives. The first is marked "Defense Counsel Copy." With one exception, the materials on this wallet drive are identical to the discovery materials that have been previously produced to you. The materials have now been processed through the Department of Justice's Litigation Technology Service Center ("LTSC"). The LTSC "Bates" stamped the materials. This should enable both our office and you to track the materials better.

    The only materials that have been excluded from the "Defense Counsel Copy" wallet drive are materials which I am prohibited from disclosing pursuant to 31 C.F.R. § 1020.320(e)(2). For your convenience, a listing of the Bates numbers of the excluded materials is enclosed with this letter. If you feel you are entitled to review these materials, please give me a call so that we may discuss this matter further.

    The second wallet drive enclosed with this letter is marked "Jail/Defendant Copy." This wallet drive contains most of the materials on the "Defense Counsel Copy." However, pursuant to our agreement, and Judge McGlynn's order, reports of witness interviews and materials containing Personal Identifying Information ("PII") have been removed.

    As we have discussed, the purpose of the "Jail/Defendant Copy" is to assist you in reviewing discovery materials with your client. Please feel free to leave this wallet drive with the custodian of the jail where your client is currently detained. In his free time, your client will be permitted to access this wallet drive and view the materials on one of the computers at the jail.

Exhibit 5 - Exhibit E - Page 1 of 2

William S. Margulis, Esq.  
April 21, 2021

Page 2

Once again, I have no objection to you reviewing any of the reports of witness interviews and materials containing PII with your client. However, you will have to review these materials with your client in person and not leave copies with him.

For your convenience, a list of the Bates numbers of the materials excluded from the "Jail/Defendant Copy" is enclosed with this letter. This will enable you to identify the locations of the materials you wish to review with your client in person.

Please note that the enclosed discovery includes certain phone calls made by your client from the St. Clair County Jail. As you know, the Government moved for pretrial detention of your client because we feared that he would threaten or physically harm victims and witness. For purposes of ensuring this was not happening, the investigating agents obtained some of the recorded phone calls made by your client from the jail.

In order to avoid exposure of the prosecution team to attorney/client and marital communications, a filter review process was established. Before the agents were allowed to listen to any of the calls, they were screened by Civil Division AUSA Laura Barke. Laura identified any calls that involved attorneys and Matissia Holt. Those calls were then segregated and the agents were not permitted to listen to them.

Based upon your prior request to receive unredacted recordings, we have included all of the jail phone calls that we obtained in this discovery package. In the process of reviewing these materials for production, I spot-checked some of the phone calls. When I recognized either your voice or that of Ms. Holt, I immediately stopped listening to those calls. Neither I nor the investigating agents have heard any discussions between you and your client where matters relating to the criminal case were discussed.

Finally, you have requested that the documents that were seized from your client's house be scanned and provided to you in electronic form. The FBI has scanned those documents. Those documents, and some additional items that were not included in the original discovery production, have been sent to the LTSC for processing. We expect to be able to provide those documents to you in the very near future.

If you have any questions, please give me a call.

Very truly yours,

STEVEN D. WEINHOEFT  
United States Attorney

*Scott A. Verseman*  
SCOTT A. VERSEMAN  
Assistant United States Attorney

Enclosures

Exhibit 5 - Exhibit E - Page 2 of 2



FILE COPY

**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney's Office*
*Southern District of Illinois*

*Steven D. Weinhoeft*
*United States Attorney*

Nine Executive Drive
Fairview Heights, Illinois 62208

TEL: (618) 628-3700
FAX (618) 628-3730
TTY: (618) 628-3826

April 21, 2021

**BY FEDERAL EXPRESS**

Gregory N. Smith, Esq.
7733 Forsyth Boulevard, Suite 1850
St. Louis, MO 63105

    Re:    United States v. Matissia S. Holt,
            20 CR 30166=SPM-002

Dear Mr. Smith:

    Enclosed with this letter are two wallet drives. The first is marked "Defense Counsel Copy." With one exception, the materials on this wallet drive are identical to the discovery materials that have been previously produced to you. The materials have now been processed through the Department of Justice's Litigation Technology Service Center ("LTSC"). The LTSC "Bates" stamped the materials. This should enable both our office and you to track the materials better.

    The only materials that have been excluded from the "Defense Counsel Copy" wallet drive are materials which I am prohibited from disclosing pursuant to 31 C.F.R. § 1020.320(e)(2). For your convenience, a listing of the Bates numbers of the excluded materials is enclosed with this letter. If you feel you are entitled to review these materials, please give me a call so that we may discuss this matter further.

    The second wallet drive enclosed with this letter is marked "Jail/Defendant Copy." This wallet drive contains most of the materials on the "Defense Counsel Copy." However, pursuant to our agreement, and Judge McGlynn's order, reports of witness interviews and materials containing Personal Identifying Information ("PII") have been removed.

    As we have discussed, the purpose of the "Jail/Defendant Copy" is to assist you in reviewing discovery materials with your client. Please feel free to provide this wallet drive to your client so that she may review these materials at her home.

Exhibit 5 - Exhibit F - Page 1 of 2

Gregory N. Smith, Esq.  
April 21, 2021  
Page 2

Once again, I have no objection to you reviewing any of the reports of witness interviews and materials containing PII with your client. However, you will have to review these materials with your client in person and not leave copies with her.

For your convenience, a list of the Bates numbers of the materials excluded from the "Jail/Defendant Copy" is enclosed with this letter. This will enable you to identify the locations of the materials you wish to review with your client in person.

Please note that the enclosed discovery includes certain phone calls made by the co-defendant, Emmitt Tiner, from the St. Clair County Jail. As you know, the Government moved for pretrial detention of Tiner because we feared that he would threaten or physically harm victims and witness. For purposes of ensuring this was not happening, the investigating agents obtained some of the recorded phone calls made by Tiner from the jail.

In order to avoid exposure of the prosecution team to attorney/client and marital communications, a filter review process was established. Before the agents were allowed to listen to any of the calls, they were screened by Civil Division AUSA Laura Barke. Laura identified any calls that involved attorneys and your client. Those calls were then segregated and the agents were not permitted to listen to them.

Based upon your prior request to receive unredacted recordings, we have included all of the jail phone calls that we obtained in this discovery package. In the process of reviewing these materials for production, I spot-checked some of the phone calls. When I recognized either Mr. Margulis' voice or that of your client, I immediately stopped listening to those calls.

Finally, Mr. Margulis has requested that the documents that were seized from your client's house be scanned and provided in electronic form. The FBI has scanned those documents. Those documents, and some additional items that were not included in the original discovery production, have been sent to the LTSC for processing. We expect to be able to provide those documents to you in the very near future.

If you have any questions, please give me a call.

Very truly yours,

STEVEN D. WEINHOEFT  
United States Attorney

*Scott A. Verseman*  
SCOTT A. VERSEMAN  
Assistant United States Attorney

Enclosures

Exhibit 5 - Exhibit F - Page 2 of 2