IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-CR-30166-SPM-1 |
| EMMITT T. TINER, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In November 2020, a grand jury returned a fifty-four-count indictment against Defendant Emmitt T. Tiner charging him with wire fraud, interstate communication with intent to extort, mail fraud, extortion, health care fraud, material misstatement of fact to a domestic financial institution, use of a social security number of another person in violation of law, false representation of a social security number, aggravated identity theft, money laundering, and monetary transaction in criminally derived property (Doc. 1).

Tiner previously filed a motion to suppress that was denied by this Court (Doc. 89). Currently pending before the Court is a Motion to Sever (Doc. 79).

In his Motion, Tiner requests that the Court sever the counts in the indictment into three groups for separate trials. The first group would contain Counts 1 through 20, which concern an alleged fraud and extortion scheme involving two victims, K.G. and R.G.; counts 40 through 51, which concern the alleged laundering of money obtained from these victims pursuant to the scheme set out in Counts 1 through 20;

and counts 52 through 54, which each concern alleged monetary transactions with the criminally derived property obtained during the alleged scheme set out in Counts 1 through 20. The second group would contain counts 21 through 35, which all concern alleged health care fraud that Tiner maintains is entirely unrelated to the fraud and extortion of K.G. and R.G. in Counts 1 through 20. The third group would contain Counts 36 through 39, which concern the alleged unlawful use of a Social Security number not belonging to Tiner, nor K.G. and R.G. As grounds, Tiner cites Federal Rule of Criminal Procedure 8(a) and claims that the two charges involve different types of illegal behavior. In addition, Tiner argues that severance of the charges is also required by FED. R. CRIM. P. 14. Tiner submits that a trial involving all counts will be prejudicial because he will not only be forced to defend against allegations of fraud and extortion concerning K.G. and R.G., but also to simultaneously defend against entirely unrelated allegations of healthcare fraud and unlawful use of a Social Security number. Tiner also claims that he might be prejudiced if he wishes to testify as to one group of charges, but remain silent on another group.

FED. R. CRIM. P. 8(a) permits the joinder of multiple offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Joinder of counts under Rule 8(a) "requires nothing more than the similarity of the offenses to be joined." *United States v. Turner,* 93 F.3d 276, 283 (7th Cir.1996), *cert. denied,* 519 U.S. 1034 (1996).

The Court finds that the health care fraud charges and unlawful use of a Social

Security number charges are properly joined with the fraud, extortion, laundering, and transactional charges for purposes of Rule 8(a). Although the charges allege different crimes, they are all of a financial nature and all involve false statements and misrepresentations. Consequently, the charges are of the same or similar character and satisfy the first prong of Rule 8(a).

The Court next turns its attention to whether Tiner has established sufficient prejudice to warrant severance under FED. R. CRIM. P. 14. Rule 14(a) allows the Court to sever the offenses or provide other appropriate relief if joinder "appears to prejudice a defendant or the government." The Supreme Court has stated that "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Zafiro v. United States*, 506 U.S. 534, 541 (1993); *see United States v. Moore*, 115 F.3d 1348, 1362 (7th Cir. 1997).

Severance is appropriate under Rule 14 only if there is serious risk that joint trial would compromise a specific trial right of the defendant or the jury would be unable to reach a reliable decision about the defendant's guilt or innocence. *United States v. Smith,* 308 F.3d 726, 736 (7th Cir. 2002); *United States v. Hughes,* 310 F.3d 557, 563 (7th Cir. 2002); *United States v. Rivera,* 6 F.3d 431, 438 (7th Cir. 1993). The defendant has the burden of showing actual prejudice resulting from joinder, and it is not adequate to show merely that the defendant would have a better chance of acquittal if counts were severed. *United States v. L'Allier,* 838 F.2d 234, 241 (7th Cir. 1988); *United States v. Abraham,* 541 F.2d 1234, 1240 (7th Cir. 1976). In addition, the defendant's showing of actual prejudice must be balanced against policy encouraging joint trials for judicial economy and to avoid lengthy and repetitious

trials involving same evidence and same witnesses. *Smith,* 308 F.3d at 736; *United States Donaldson,* 978 F.2d 381, 391 (7th Cir. 1992); *United States v. Peters,* 791 F.2d 1270, 1287 (7th Cir. 1986).

With these standards in mind, the court concludes that severance is not required to prevent unfair prejudice to Tiner. Because the counts are not entirely unrelated, there is no unfair prejudice caused by the joinder of the offenses, despite Tiner's claims in that regard. Furthermore, there is a significant likelihood of evidentiary overlap between the charges and there are other evidentiary similarities as well. The Government states that alleged victims K.G. and R.G. will testify that Tiner met with each of them on multiple occasions, to pick up money from them, and to do other things in furtherance of the fraud and extortion scheme. The Government claims that both will testify that they saw Tiner driving on multiple occasions, also saw him walking, and they never saw him using a wheelchair. The Government also asserts that certain times when Tiner was allegedly defrauding the victims also overlap with home health time sheets, and one of the home health time sheets overlaps with his alleged unlawful use of a Social Security number. So, evidence for Tiner's fraud and extortion counts would also be relevant on the healthcare fraud counts, and evidence for Tiner's healthcare fraud counts would also be relevant to Tiner's unlawful use of a Social Security number counts. The Court can also protect against the danger of unfair prejudice at trial by directing the jury to consider the counts separately. *See United States v. Coleman*, 22 F.3d 126, 135 (7th Cir. 1994). As to his concerns about testifying, Tiner did not meet his burden of showing actual prejudice.

CONCLUSION

Accordingly, the Court **DENIES** the Motion to Sever (Doc. 79) filed by Defendant Emmitt T. Tiner.

**IT IS SO ORDERED.**

**DATED:** January 12, 2022

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
